UNITED STATES of America, Plaintiff,

v.

**5709 HILLINGDON ROAD, CHARLOTTE, NORTH CAROLINA (DEED BOOK 5062, PAGE 119, MECKLENBURG COUNTY REGISTER OF DEEDS), Defendant.**

**No. C–C–91–190–P.**

United States District Court,
W.D. North Carolina,
Charlotte Division.

April 14, 1992.

Frank D. Whitney, Asst. U.S. Atty., Charlotte, N.C., for plaintiff.

Hamlin L. Wade, Michael S. Scofield, Charles W. Barkley, Vera S. Goudes, Eben T. Rawls, III, Joseph L. Ledford, Rankin Merryman Dickinson Rawls Ledford & Warren, Charlotte, N.C., for defendant.

## ORDER

ROBERT D. POTTER, District Judge.

THIS MATTER is before the Court on Motion of Plaintiff, file stamped 32 March 1992, to Stay Deposition. On 9 April 1992, Claimant Curtis Leak filed a Response opposing Plaintiff's Motion.

Plaintiff, on 21 June 1991, instituted this action with the filing of a Complaint for Forfeiture *In Rem*. Subsequently, Claimant, on 11 July 1991, filed a verified claim to the property at 5709 Hillingdon Road. Further, as President of TKC, Inc., Claimant filed a claim to a 1989 Ford Taurus, VIN 1FABP52D0KG172210.

Claimant, on 30 March 1992, noticed the deposition of Special Agent Michael Toomey. Special Agent Toomey is the case agent assigned to the criminal investigation of Curtis and Karen Leak.

Plaintiff United States of America moves to stay this deposition. In support of its Motion, Plaintiff asserts that the "deposition could and likely will do irreparable harm to the criminal investigation and may result in the improper disclosure of grand jury information." Memorandum of Plaintiff in Support of Motion to Stay Deposition at 1. In response, Claimant asserts first that Claimant's attorney will stipulate that he will not inquire into the substance of any grand jury proceedings. Claimant asserts further that the Government has failed to make a showing sufficient to support stay of the Toomey deposition.

This Court has considered carefully the Motion of Plaintiff and the Response of Claimant. Having done so, the Court finds that Plaintiff's Motion is meritorious. It is clear civil discovery poses a threat to a contemporaneous, ongoing, related criminal investigation. *United States v. $8,850*, 461 U.S. 555, 567, 103 S.Ct. 2005, 2013–14, 76 L.Ed.2d 143 (1983).

In *$8,850*, the Supreme Court applied the balancing test for a speedy trial to an eighteen month delay of civil forfeiture proceedings. This test, first set out in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), involves a balancing of four factors: length of delay, the reason for the delay, the defendants's assertion of his right, and prejudice to the defendant. *United States v. Banco Cafetero Int'l*, 797 F.2d 1154, 1163 (2d Cir.1986).

Here, discovery other than the deposition of Special Agent Toomey may proceed. As such, Claimant will not be entirely prevented from going forward with his claim. Further, this Court will not allow the Government to indefinitely prolong this matter. The Court will today order the deposition of Special Agent Toomey stayed for a period of four months to end on 13 August 1992. At that time, Claimant will be free to again notice the deposition of Special Agent Toomey. However, the Government may again move to stay his deposition. The Court will at that time consider the merits of a further stay.

Given this short stay, the Court finds the proffered reasons for the delay compelling. The Government should not forced to choose between meeting the demands of secrecy in a criminal investigation and complying with the demands of civil discovery. While claimant has asserted his right in a timely fashion, the Court finds that given the short length of the imposed stay, Claimant will suffer no substantial prejudice. As noted, Claimant is free to proceed with all other aspects of his claim.

NOW, THEREFORE, IT IS ORDERED that the Motion of Plaintiff to Stay Deposition be, and hereby is, GRANTED. THE

DEPOSITION OF SPECIAL AGENT MICHAEL TOOMEY IS HEREBY STAYED UNTIL 5:00 P.M. ON THURSDAY, 13 AUGUST 1992.